(January 29, 1973)

■ MARY DOHENY et al., Appellants, v. MAB LIQUORS, INC., Respondent.— In a negligence action to recover damages for personal injuries of plaintiff Mary Doheny and loss of services and medical expenses incurred by her husband, plaintiffs appeal (1) from an order of the Supreme Court, Nassau County, dated April 12, 1972, which denied their motion to remove the action from the District Court of the County of Nassau, Second District, to the Supreme Court, Nassau County, and to amend the *ad damnum* clause of the complaint (a) from $5,000 to $60,000 on the personal injury cause and (b) from $1,000 to $15,000 on the loss of services cause; and (2) as limited by their briefs, from so much of an order of the same court, dated July 21, 1972, as, upon reargument, adhered to the original decision. Appeal from order dated April 12, 1972 dismissed as academic. That order was superseded by the order dated July 21, 1972. Order dated July 21, 1972 reversed, and motion to remove the action and amend the *ad damnum* clause granted. The amended complaint shall be served within 20 days after entry of the order to be made hereon. Appellants are granted $10 costs and disbursements to cover the appeals from both orders. The motion papers contain (1) an adequate showing by a doctor's affidavit of (a) a causal connection between the injury and the accident and (b) a consistent course of treatment for the accident-caused injuries and (2) affidavits by the injured plaintiff, plaintiffs' attorney, and doctors showing the merits of the case, the reason for the delay and the fact that the increase of the *ad damnum* clause is warranted by reason of facts which have recently come to the attention of plaintiffs, and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of plaintiffs. In our opinion it was an unwise exercise of discretion to deny the motion to increase the *ad damnum* clause (cf. *London* v. *Moore*, 32 A D 2d 543; *Natale* v. *Great Atlantic & Pacific Tea Co.*, 8 A D 2d 781; *Natale* v. *Pepsi-Cola Co.*, 7 A D 2d 282). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.

■ GILLIES AGENCY, INC., Respondent, v. HELEN FILOR, Appellant, and ALBERT DORFMAN, Defendant.— In an action *inter alia* to recover a brokerage commission upon a sale of real property, defendant Filor appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County, entered June 28, 1972, as is against her and in favor of plaintiff, after a nonjury trial. Judgment affirmed insofar as appealed from, with costs. No opinion. Munder, Acting P. J., Martuscello, Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and to dismiss the complaint, with the following memorandum: I respectfully dissent. While this property was listed with plaintiff, as well as with a broker who was ultimately recognized, it is quite clear that no meeting of the minds occurred as a result of the activities of plaintiff and that defendant had the right to negotiate with other brokers and to sell the property through them. In addition, the record fails to disclose any conspiracy to deprive plaintiff of earned commissions.